IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRACY KARG FONTI, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> GUNTER KARG. <br><br> Defendant. | ORDER TRANSFERRING CASE IN ITS ENTIRETY TO THIRD JUDICIAL DISTRICT OF UTAH AND IMPOSING RULE 11 SANCTIONS ON PLAINTIFF <br><br><br><br><br> Case No. 2:06-CV-00262 PGC |

Plaintiff Tracy Fonti filed an emergency petition for warrant of arrest in lieu of writ of habeas corpus and petition for return of child to petitioner before the court on March 30, 2006. Understanding the issue to be of extreme urgency, the court scheduled a hearing the next morning, on March 31, 2006. It also issued a tentative order against defendant Gunter Karg ordering him to refrain from leaving the Salt Lake City area.

After hearing oral argument, the court dissolved the order against Mr. Karg and indicated that it was considering transferring the case in its entirety to the Third District Court of Utah (Judge Peuler) because the state court was familiar with the underlying issues surrounding the case. The court also noted its concern that Ms. Fonti might have made untrue representations in

the petition about the need for emergency action. In particular, the court noted its concern, based on the information currently before it, that Ms. Fonti did not disclose that the California court previously handling this matter had awarded temporary custody of the child to Mr. Karg in 2005. Therefore, the court ordered Ms. Fonti to show cause within ten days why she should not be subjected to Rule 11 sanctions for providing a materially false pleading to the court.

With regard to the Rule 11 sanctions, the court believed that the information provided by Ms. Fonti in paragraph 12 of her Emergency Petition was materially false and misleading. That paragraph referred to a 2004 California court order awarding custody of the child to her without explaining that in 2005 the California court superceded this order and awarded temporary custody of the child to the father. In particular, Ms. Fonti indicated in her petition that she had "rights of custody under United States law pursuant to the California divorce case, in the custody order dated January 23, 2004, which followed a court evaluation and trial."[1] She stated that "removal of [the minor child] is therefore a violation of the United States law," and offered Exhibit B of her emergency petition as her evidentiary proof.[2] Finally, she indicated that the minor child was "currently being illegally held in custody, confinement and/or restraint by [Mr. Karg] in Utah."[3]

At the court hearing, Mr. Karg responded with court judgments from the Utah state court and the California state court indicating that Mr. Karg had been awarded temporary custody of

---

[1]Emergency Petition, ¶ 12.

[2]*Id*.

[3]*Id*.

the minor child.[4] And Mr. Karg also provided a copy of the transcript of proceedings before Commissioner Mary Grove in the Superior Court of California, *at which Ms. Fonti was present*, when Commissioner Grove stated "I think it should be clear that . . . temporary . . . custody, physical custody, should be awarded the father pending resolution of this matter."[5] Finally, Mr. Karg also presented to the court Judge Peuler's Order Extending Temporary Restraining Order, signed on October 3, 2005, which indicated that no one "shall remove the minor child . . . from the temporary custody of . . . Gunter Karg, and . . . Gunter Karg is hereby awarded the temporary custody of the minor child . . . until further Order of the Court."[6]

Ms. Fonti has now submitted a response to the court order that she show cause why this case should not be transferred to state court and why Rule 11 sanctions should not be imposed against her.

## DISCUSSION

*A. The Court Finds that Transferring the Case in its Entirety to the Third Judicial District of Utah is Appropriate*

The court requested Ms. Fonti to provide a reasoned memorandum regarding whether the

---

[4]*See Ex Parte Temporary Restraining Order*, signed August 26, 2005 by Judge Peuler (Third Judicial District of Utah) ("Gunter Karg is hereby awarded temporary custody of the minor child . . . until further order of the Court."); *Findings and Order After Hearing*, signed September 26, 2005 by Commissioner Mary T. Grove (Superior Court of California, County of Marin) ("The Court modified its order filed February 4, 2004, and awards temporary physical custody of the minor child . . . to . . . Gunter Karg).

[5]*Reporter's Transcript of Proceedings*, September 1, 2005, in front of Commissioner Mary T. Grove, in the Matter of Karg v. Karg (Superior Court of California).

[6]*Order Extending Temporary Restraining Order*, signed October 3, 2005 by Judge Peuler (Third Judicial District of Utah).

court should retain jurisdiction over the emergency petition in this case. The International Child Abduction Remedies Act,[7] establishes procedures in the United States implementing the Hague Convention on the Civil Aspects of International Child Abduction. State and federal courts have concurrent original jurisdiction over actions brought under the Hague Convention.[8] Since the Third Judicial District of Utah (Judge Peuler) has been dealing with the underlying issues of this case for some time, the court thought this matter might be more expeditiously resolved by that court.

Ms. Fonti contends that it would "be more appropriate for this court to maintain jurisdiction in this court w[h]ere the petition was filed as required by statute, thus frustrating [Mr. Karg]'s intent to create confusion in what should otherwise be a simple case of returning the child to her country of residence for further proceedings." She also argues that the Third Judicial District of Utah is not familiar with the underlying issues "that go to the heart of the Convention case" and that this "case is a country to country issue, dealing with [f]ederal and international law." Finally, she states that she "has obtained in the U.S. Federal Court forum on a federal question, and should not have to go through the further expense of educating another court on the Convention and ICARA." Because "Federal law requires that the court in which the action is brought shall decide the case," Ms. Fonti requests that the court not transfer this case to the court that is more familiar with all of the underlying issues of the litigation.

Ms. Fonti fails to provide any good reason for this court to continue to handle this matter.

---

[7] 42 U.S.C. § 11601 *et seq*.

[8] 42 U.S.C. § 11603(a).

It is clear that there are a number of issues that must be sorted out by whichever court takes jurisdiction over this Hague Convention claim.  Under relevant case law, the minor child's "country of habitual residence" must be determined,[9] the custodial rights are relevant depending on which country had determined those rights,[10] and the "grave risk" exception to the Hague Convention must be analyzed as well.[11]  This court sees no reason why the Third Judicial District of Utah, which has already been hearing many issues associated with this case, would not be in a better position to determine these the facts needed to decide possible application of the Hague Convention.  Since the parties have already been litigating in front of that court for the past six months, the court finds that the Third Judicial District of Utah (Judge Peuler) is in a much better position to address the Hague Convention issues than this court.

Additionally, the court can find no case law which "requires that the court in which the action is brought shall decide the case."  Cases under the Hague Convention have certainly been properly examined by state courts.[12]  And the court has yet to find a case which applies a first-

---

[9]*See, e.g.*, *Silverman v. Silverman*, 338 F.3d 886 (8th Cir. 2003); *Zucker v. Andrews*, 2 F. Supp. 2d 134 (D. Mass. 1998), *aff'd without opinion*, 181 F.3d 81 (1st Cir. 1999); *Artunez-Fernandes v. Connors-Fernandes*, 259 F. Supp. 2d 800 (N.D. Iowa 2003).

[10]*See, e.g.*, *Sealed Appellant v. Sealed Appellant*, 394 F.3d 338 (5th Cir. 2004); *McManus v. McManus*, 354 F. Supp. 2d 62 (D. Mass. 2005); *Barrios Gil v. Del Valle Matheus Rodriguez*, 184 F. Supp. 2d 1221 (M.D. Fla. 2002); *see also Shealy v. Shealy*, 295 F.3d 1117 (10th Cir. 2002).

[11]*See, e.g.*, *Bloudin v. Dubois*, 78 F. Supp. 2d 283 (S.D.N.Y. 2000), *aff'd*, 283 F.3d 153 (2nd Cir. 2001); *Gonzalez Locicero v. Nazor Lurashi*, 321 F. Supp. 2d 295 (D.P.R. 2004); *Artunez-Fernandes*, 259 F. Supp. 2d 800.

[12]*See, e.g.*, *Dalmasso v. Dalmasso*, 9 P.3d 551 (Kan. 2000); *Sampson v. Sampson*, 975 P.2d 1211 (Kan. 1999); *Viragh v. Foldes*, 612 N.E. 2d 241 (Mass. 1993); *Stout v. Campbell*, 864 So. 2d 1275 (Fla. Ct. App. 2004);*Winton v. Ibanez*, 690 So. 2d 1344 (Fla. Ct. App. 1997); *Ivaldi*

to-file rule for Hague Convention claims in such a way that requires this court to retain jurisdiction. In any event, such an conclusion would lead to absurd results, especially if one parent filed a custody case in one state, and another parent filed a Hague Convention claim in a different state while the custody issues had not yet been decided. Under Ms. Fonti's position, such separately filed claims could not be consolidated, which might lead to inconsistent outcomes.

Ms. Fonti's objections to transferring the matter are, accordingly, unpersuasive. The court finds that transferring this Hague Convention case to the Third Judicial District of Utah (Judge Peuler) would facilitate a speedier resolution of this claim. That court is familiar with the underlying issues surrounding the custody issues. Therefore, the court transfers this case, in its entirety, to the Third Judicial District of Utah (Judge Peuler) immediately.

*B. The Court Imposes Rule 11 Sanctions on Ms. Fonti*

Ms. Fonti argues that her earlier-filed pleading was not sufficiently misleading to justify sanctions under Fed. R. Civ. P. 11. She argues that she did not present the emergency petition for any improper purpose; that her claims, defenses and other legal contentions were warranted by existing law or by nonfrivolous argument for modification; and that the allegations or other factual contentions have evidentiary support. Finally, she argues that her failure to include the subsequent California orders stemmed from a misunderstanding.

While the court believes Ms. Fonti's statements that she did not present the emergency petition for any improper purpose, the court is dismayed at Ms. Fonti's lack of candor with the

---

*v. Ivaldi*, 672 A.2d 1226 (N.J. App. Ct. 1996).

court.  It is clear to the court that Ms. Fonti *personally appeared* at the California Superior Court hearing which awarded temporary custody of the minor child to Mr. Karg.  This critical fact – well known to Ms. Fonti – was not disclosed to this court when Ms. Fonti sought an emergency hearing on allegations of kidnapping.  To be clear, Ms. Fonti could have stated in her emergency petition that she believed the California Superior Court, or the Utah court for that matter, lacked jurisdiction to award custody of the minor child.  But the material fact that temporary custody had been awarded to Mr. Karg by the California court (and later by the Utah court) was not disclosed in her emergency petition.  Thus, the court finds that Ms. Fonti's representation to this court, under oath, that she had "rights of custody under United States law pursuant to the California divorce case" was a deliberately false statement.  Ms. Fonti is directly responsible for this statement, as she declared that all representations in the pleading were accurate.  In view of these facts, the court finds that it is appropriate to impose sanctions against Ms. Fonti under Fed. R. Civ. P. 11.

       The conduct of Ms. Fonti's counsel in this matter is also not above reproach.  To be sure, there is no evidence that Mr. Waldron intentionally concealed any information from the court.  But it is possible that, with further efforts at due diligence, Mr. Waldron could have checked the court files in California to determine the current status of the California case.  He also could have easily checked the status of the case in Utah, given that he practices in this state.  Had he done so, the misrepresentations made by his client could have prevented a considerable inconvenience to the court, defense counsel, the guardian ad litem's office, and Mr. Karg (not to mention the minor child).

In view of the failure to more thoroughly investigate Ms. Fonti's representations, it is appropriate to direct Mr. Waldron to facilitate the collection of the Rule 11 sanctions from Ms. Fonti, who currently resides in Australia.  Accordingly, the court finds it proper to direct that any funds that have been advanced or will be advanced to Mr. Waldron or his firm by Ms. Fonti shall be transferred to, first, defense counsel and, second, to the Guardian Ad Litem's Office, up to the amount of the sanctions imposed by the court.  Mr. Waldron shall also inform Ms. Fonti of her obligations under this order and shall facilitate the collection of the sanctions.

The court must determine the amount of sanction that is appropriate under Rule 11.  That determination will be facilitated by filings from Mr. Karg and the Guardian Ad Litem regarding their attorneys' fees and other costs in these matter.  Accordingly, they are directed to provide that information to the court within 10 days of this order.  Even though this case has been transferred to state court immediately to facilitate a prompt resolution on the merits, this court retains jurisdiction over the sanction question until any further order is entered by the court.

## CONCLUSION

The court orders this case transferred in its entirety (with the exception of calculating sanctions) to the Third District Court of Utah (Judge Peuler).  The court also imposes Rule 11 sanctions on Ms. Fonti.  Mr. Karg and the Guardian Ad Litem are to provide an affidavit laying out their reasonable attorneys' fees and other costs within ten days of this order.

The Clerk's Office is directed to transfer this case to the Third Judicial District of Utah (Judge Peuler) and to close the case.

SO ORDERED.

DATED this 12th day of April, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge