IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRACY KARG FONTI, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> GUNTER KARG. <br><br> Defendant. | ORDER AWARDING ATTORNEYS' FEES AND COSTS UNDER RULE 11 <br><br><br><br> Case No. 2:06-CV-00262 PGC |

On April 12, 2006, the court issued an order transferring this case to the Third Judicial District of Utah and imposing Rule 11 sanctions on plaintiff Tracy Fonti (#13). The court directed counsel and the Guardian Ad Litem to file affidavits regarding their attorneys' fees and costs within ten days. The court has now received these fee affidavits and reviewed them.

A person's actions must be objectively reasonable to avoid Rule 11 sanctions.[1] The court must first find that a pleading violates Rule 11 to impose such sanctions.[2] "This typically involves subsidiary findings, such as the current state of the law or the parties' and attorneys' behavior and motives within the context of the entire litigation, as well as a conclusion on the

---

[1]*See Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988).

[2]*Id*. at 672.

ultimate question whether the pleading violated Rule 11."[3]  The second step by the court is to impose the appropriate sanction.[4]

First, the court reviews its subsidiary findings.  In its previous order, the court found that the information provided by Ms. Fonti in paragraph 12 of her Emergency Petition was materially false and misleading.  That paragraph referred to a 2004 California court order awarding custody of the child to her without explaining that in 2005 the California court superceded this order and awarded temporary custody of the child to the father.  In particular, Ms. Fonti indicated in her petition that she had "rights of custody under United States law pursuant to the California divorce case, in the custody order dated January 23, 2004, which followed a court evaluation and trial."[5] She stated that "removal of [the minor child] is therefore a violation of the United States law," and offered Exhibit B of her emergency petition as her evidentiary proof.[6]  Finally, she indicated that the minor child was "currently being illegally held in custody, confinement and/or restraint by [Mr. Karg] in Utah."[7]

At the court hearing, Mr. Karg responded with court judgments from the Utah state court and the California state court indicating that Mr. Karg had been awarded temporary custody of

---

[3]*Id*.

[4]*Id*.

[5]Emergency Petition, ¶ 12.

[6]*Id*.

[7]*Id*.

the minor child.[8]  And Mr. Karg also provided a copy of the transcript of proceedings before

Commissioner Mary Grove in the Superior Court of California, *at which Ms. Fonti was present*,

when Commissioner Grove stated "I think it should be clear that . . . temporary . . . custody,

physical custody, should be awarded the father pending resolution of this matter."[9]  Finally, Mr.

Karg also presented to the court Judge Peuler's Order Extending Temporary Restraining Order,

signed on October 3, 2005, which indicated that no one "shall remove the minor child . . . from

the temporary custody of . . . Gunter Karg, and . . . Gunter Karg is hereby awarded the temporary

custody of the minor child . . . until further Order of the Court."[10]

Ms. Fonti argued that she had not presented the emergency petition for any improper

purpose.  While the court believed this statement, the court noted its dismay at Ms. Fonti's lack

of candor.  It was clear to the court that Ms. Fonti *personally appeared* at the California Superior

Court hearing which awarded temporary custody of the minor child to Mr. Karg.  This critical

fact – well known to Ms. Fonti – was not disclosed to the court when Ms. Fonti sought an

emergency hearing on allegations of kidnaping.  The court noted that Ms. Fonti could have stated

in her emergency petition that she believed the California Superior Court, or the Utah court for

---

[8]*See Ex Parte Temporary Restraining Order*, signed August 26, 2005 by Judge Peuler
(Third Judicial District of Utah) ("Gunter Karg is hereby awarded temporary custody of the
minor child . . . until further order of the Court."); *Findings and Order After Hearing*, signed
September 26, 2005 by Commissioner Mary T. Grove (Superior Court of California, County of
Marin) ("The Court modified its order filed February 4, 2004, and awards temporary physical
custody of the minor child . . . to . . . Gunter Karg).

[9]*Reporter's Transcript of Proceedings*, September 1, 2005, in front of Commissioner
Mary T. Grove, in the Matter of Karg v. Karg (Superior Court of California).

[10]*Order Extending Temporary Restraining Order*, signed October 3, 2005 by Judge
Peuler (Third Judicial District of Utah).

that matter, lacked jurisdiction to award custody of the minor child.  But the material fact that temporary custody had been awarded to Mr. Karg by the California court (and later by the Utah court) was not disclosed in her emergency petition.  Therefore, the court found that Ms. Fonti's representation, under oath, that she had "rights of custody under United States law pursuant to the California divorce case" was a deliberately false statement.  The court found Ms. Fonti directly responsible for this statement, as she declared  that all representations in the pleading were accurate.

Rule 11 requires a signature of Ms. Fonti's counsel on the complaint, which constitutes a "certificate" by the attorney and the plaintiff that:

> (1) the attorney has read the complaint; (2) that to the best of counsel's [and plaintiff's] knowledge, information, and belief formed after reasonable inquiry the amended complaint is well grounded in fact; (3) and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and (4) that the . . . complaint was not interposed for an improper purpose, such as to harass or to cause unnecessary delay or needles increase in cost of litigation.[11]

There is no issue whether the attorney has read the complaint, nor whether the complaint was interposed for an improper purpose.  The court found, however, that the complaint was not well grounded in fact, especially given Ms. Fonti's actual knowledge and information of the underlying court proceedings.  Given this finding, the court finds that Ms. Fonti violated Rule 11 by not ensuring that the complaint was well grounded in fact.

The court next turns to the appropriateness of Rule 11 sanctions.  "Rule 11 sanction are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing

---

[11]*Burkhart v. Kinsley Bank*, 852 F.2d 512, 514 (10th Cir. 1988).

present litigation abuse, (3) compensating victims of litigation abuse, and (4) streaming court dockets and facilitating case management."[12]  "It is . . . clear that the central purpose of Rule 11 is to deter baseless filings in District Court and thus, . . . streamline the administration and procedure of the federal courts."[13]  "[A]lthough the monetary sanction imposed would normally be limited to the reasonable attorney's fees and expenses the opposing parties incur, the court must also consider other factors in arriving at 'an appropriate sanction.'"[14] The court must consider (1) reasonableness (lodestar) calculation; (2) the minimum amount to deter litigant misconduct; (3) the litigant's ability to pay; and (4) other factors, including the litigant's history, experience, and ability, severity of the violation, the degree to which malice or bad faith contributed, or other relevant factors.[15]

First, the lodestar calculation appears reasonable to the court.  The attorney's fees range between $240 and $250 an hour to $125 an hour for the Guardian Ad Litem.  There is no indication that such a rate is unreasonable.  Additionally, the amount of work to prepare for the emergency hearing set by the court took considerable time due to Ms. Fonti's voluminous complaint.

Second, Ms. Fonti requested the court to approve an emergency hearing, including a warrant for Mr. Karg and a search of his home to ensure the safety of the minor child.  If Ms.

---

[12]*White v. General Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990).

[13]*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

[14]*White*, 908 F.2d at 683-84 (quoting Fed. R. Civ. P. 11).

[15]*Id*. at 684-85.

Fonti had been engaged in normal, non-emergency litigation, the court's need to deter Ms. Fonti's future conduct would be lessened. But despite falsely pleading to the court serious misrepresentations, Ms. Fonti *also* requested expedited review of her case, to which the court affirmatively responded. The court views Ms. Fonti's actions as quite serious, and deems it necessary to deter Ms. Fonti's conduct by imposing defendant's attorneys' fees sanctions to ensure that Ms. Fonti does not attempt to use the court again for further misrepresented pleadings.

Third, the court has no indication that Ms. Fonti is unable to pay the sanctions. Ms. Fonti has indicated in her complaint her ability to pay for numerous plane tickets between the United States and Australia, as well as her ability to hire counsel for this matter and other matters. Additionally, Ms. Fonti has not offered any objections to the attorney's fees affidavits on the basis that she is unable to afford the sanctions.

Fourth, the court views Ms. Fonti's history, including her request for expedited review of her misrepresented complaint, as falling in favor of attorneys' fees sanctions. Ms. Fonti has apparently been embroiled in a dispute with Mr. Karg for some time now, and desired the dispute to be litigated in this court instead of in the Third Judicial District of Utah. Her actions required this court to set emergency hearings, to gather Mr. Karg's counsel, and even to put temporary restrictions on Mr. Karg and his family until the hearing. Additionally, the court views material misrepresentations in the complaint as a severe violation of Rule 11. Given the analysis of the above factors, the court finds that the sanction imposed, namely $4608 in attorneys' fees to Mr. Karg's attorneys and the Guardian Ad Litem, is appropriate in this case.

For good cause shown, the court orders the plaintiff, Tracy Fonti, to pay costs and fees of the defendant, in the amount of $4608.00.  Of this amount, $2,783.00 is to be provided to Randall L. Skeen, $1,200.00 is to be provided to Richard S. Nemelka, and $625.00 is to be provided to Sharon Kishner, the Guardian Ad Litem.  Fees shall be paid in that order.   The court reminds plaintiff's counsel, Paul Waldron, that according to its order, any funds advanced or that will be advanced to him or his firm by Ms. Fonti shall be transferred to, first, defense counsel and, second, to the Guardian Ad Litem's Office, up to the amount of sanctions imposed by the court.  Mr. Waldron is also to inform Ms. Fonti of her obligations under this and previous orders and he shall facilitate the collection of the sanctions.  These fees shall be paid within 60 days. This case is to remain closed.

SO ORDERED.

DATED this 4th day of May, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge